## DERRY BANK *v.* BALDWIN.

Where several sign a note without any designation as to the character in which they sign, whether as principals or sureties, they will all be presumed to be principals; yet that presumption may be rebutted by extrinsic evidence that some of the signers were sureties only, and that this fact was known to the creditors.

But where several sign a note jointly and severally, and "all as principals," as against the payee, evidence that any of the signers are sureties

Derry Bank *v.* Baldwin.

only, and that this fact was known to the payee, is inadmissible, as tending to contradict the express stipulations of the contract of the signers with him.

ASSUMPSIT, upon a promissory note, of which the following is a copy:

" $800.—DERRY BANK.—For value received, we severally and jointly, all as principals, promise to pay the Derry Bank, or order, eight hundred dollars, at said bank, on demand, with interest after sixty days, giving said bank the right of collecting this note at any time, notwithstanding the payment of interest in advance.—Derry, N. H., Oct. 13, 1857.

C. W. BALDWIN.

S. H. EDGERLY.

A. C. HEATH."

The writ was dated February 15, 1859. Plea, the general issue. Baldwin was defaulted. Edgerly and Heath contested the suit, and introduced evidence, subject to the plaintiffs' exception, tending to show that they were, in fact, sureties for Baldwin upon the note; that that fact was known to the plaintiffs when they took the note; that the note was taken by the bank October 30, 1857, to renew a former note of Baldwin; that at that time the plaintiffs received $12.40 for sixty-three days' interest from the date; that at the expiration of the sixty days Baldwin paid the bank interest in advance for sixty days more, at the rate of eight or ten per cent; that the bank brought an action upon the note, which was entered and continued February, 1858, and entered N. P., April, 1858; that in March, 1858, Baldwin paid the bank $32.83 as interest to June 2, 1858; that at the time of that payment it was understood by the bank and Baldwin that the payment of the note was to be extended to June 2, and that Baldwin was to have a year or more to pay it; that at the time of that payment Baldwin had sufficient property to pay all his

debts; and that Edgerly and Heath knew nothing of the payments by Baldwin, the stopping of the former suit, or the agreements of extension. The defendants read from Baldwin's deposition, subject to the plaintiffs' exception, his testimony that in the former suit on this note the property of all the three defendants was attached. None of the principal of the note has ever been paid. The court ordered a verdict for the plaintiffs, and the defendants excepted; and the questions of law were reserved for the determination of the whole court.

*Sawyer & Stevens,* for the plaintiffs.

*Morrison & Stanley,* for Edgerly.

*Eastman* and *H. Foster,* for Heath.

SARGENT, J. It has been held in this State that the holder of a note has the right to consider and treat all the signers of a note as principals, unless he have notice that they are sureties; and that, if sureties do not sign as such, no person will be bound to inquire, or will be presumed to know that they are such. *Nichols* v. *Parsons,* 6 N. H. 30.

In other words, it is the legal presumption here that all the signers of a note, who do not designate themselves as sureties, are principals.

But this presumption is not conclusive, but may be rebutted. Hence, it has been held that where a person is a surety in fact, though he does not appear on the face of the paper to be such, he shall be treated and considered as a principal with respect to all those who have no notice of his real character; yet that, whenever it is material, a defendant may show, by extrinsic evidence, that he made the note as a surety only, and that this fact was known to the plaintiff. *Bank* v. *Kent,* 4 N. H. 224.

In these cases, and in this whole class of cases, it will be

observed that there is no designation, either in the body of the instrument or connected with the signature, of the capacity in which the party signed the note; hence, the presumption that he signed in some particular capacity, for if the capacity in which he signed had been stated, or distinctly designated, that would have settled the matter, and would have left no room for any presumption.

The same rule also applies to bonds as to notes; all are presumed to be principals, if there is nothing in the bond, or connected with the signature, to show any different understanding or agreement; but in case of a bond, this presumption may be rebutted, by showing the fact that some signed as sureties, and that this was known to the obligee. *Smith* v. *Bing,* 3 Ohio 185; *Davis* v. *Barrington,* 30 N. H. 517. But this evidence is admitted, because "it is not said in such case, upon the instrument, whether they are sureties or principals" (*Davis* v. *Barrington*), and for the same reason it may fairly be presumed, and the law raises that presumption, that they are all principals, subject to be rebutted by extrinsic proof that the fact is otherwise, and was known to be so by the other party.

But the case before us differs materially from the whole class of cases we have been considering. This case depends upon no legal presumption, for there is no room left here for any presumption. Here is an express contract that each signer is a principal. Each contracts for himself with the holder that he is a principal, that he will so stand upon the note. That constitutes a part of the contract with the bank, as much as the sum to be paid, or the time of the payment, or the promise to pay any thing at any time, does; and this fact, as to the capacity in which the signer of the note binds himself, may often be as important a part of the contract as any other. Here this is made certain by being a part and parcel of the contract itself; and to hold that a specific written contract may be directly contradicted, in any essential part, by parol evidence, would

be to destroy the whole contract. As well might the defendants offer to prove by parol evidence that they did not promise to pay at all, as that they did not promise to pay as principals.

Such being their contract, the signers of this note must abide by it; and however the case may be as between themselves, whatever proof may be admissible as to the true relations of the parties as between each other, yet as regards the bank they may be holden as principals, according to their contract; and they shall not be heard in court to deny, or be allowed to disprove by parol, that fact, any sooner than any other part of their contract. Being all principals, we find nothing in the case that should be held in law to discharge them, or either of them. There must be

*Judgment on the verdict.*